UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MILTON LEWIS MCILWAIN,

    Petitioner,

v.                                                 CASE NO. 6:08-cv-1161-Orl-22KRS
                                                  (6:99-cr-95-Orl-22KRS)

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

Petitioner filed a Motion to Vacate and Set Aside Judgment and to Expunge the Record pursuant to 28 U.S.C. § 1651. *See* Doc. No. 1. Petitioner is attacking the validity of the judgment and sentence imposed by this Court. *See id.* For the following reasons, the motion is denied.

*I. Procedural History*

Petitioner and another person were charged in a nine-count indictment with the commission of various offenses. *See* Criminal Case Number 6:99-cr-95-Orl-22KRS, Doc. No. 1. A jury trial was conducted, at the conclusion of which Petitioner was found guilty of counts one, three, and four and not guilty as to count two. *Id.* at Doc. No. 159. The Court adjudicated Petitioner guilty of conspiracy to impede, impair, obstruct or defeat tax in violation of 18 U.S.C. § 371 (count one) and two counts of attempt to evade or defeat tax in violation of 26 U.S.C. § 7201 (counts three and four). *Id.* at Doc. No. 221. The Court sentenced Petitioner to a twenty-seven month term of imprisonment. Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed in a written, unpublished opinion on June 14, 2001.

Thereafter, Petitioner filed a motion to vacate, set aside, or correct an illegal sentence

pursuant to 28 U.S.C. § 2255, *id*. at Doc. No. 263, which the Court dismissed as untimely. *Id.* at Doc. No. 279. Petitioner appealed, and the Eleventh Circuit Court of Appeals dismissed the appeal for want of prosecution. *Id*. at Doc. No. 283.

Petitioner served his sentence and is no longer in custody.

## II.     *Petitioner's Claims*

Petitioner alleges seven grounds for relief: (1) the indictment was defective, (2) the Court lacked subject matter jurisdiction to convict and sentence Petitioner, (3) the Internal Revenue Service lacked legal authority to investigate the facts of the case, (4) the United States Attorney had no authority to prosecute the case, (5) the Court lacked jurisdiction over Petitioner and the Government, (6) the undersigned judge should have recused herself pursuant to 28 U.S.C. § 455 based on her status as a taxpayer, and (7) counsel rendered ineffective assistance.

"In criminal matters, '[f]ederal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice.'" *Bonadonna v. Unknown Defendant*, 2006 WL 1374470, *2 n.2 (11th Cir. 2006) (*quoting United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000)). A writ of error coram nobis may be issued only when 1) "there is and was no other available avenue of relief," and 2) "'the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (*quoting Moody v. United States*, 874 F.2d 1575, 1576-77 (11th Cir 1989)). A district court "may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d

at 1204.

In the instant case, Petitioner could have raised all of the challenges he raises in the instant motion on direct appeal or in his section 2255 motion. Moreover, the Court notes that Petitioner in fact raised claims one through three of the instant motion before his trial and in his section 2255 motion, and likewise, he raised claim four of the instant motion in his section 2255 motion. *See* Criminal Case Number 6:99-cr-95-22KRS, Doc. Nos. 93, 104, 263. The Court found claims one through three to be meritless. *See id.* at Doc. No. 128. The Court affirms it prior determination regarding claims one through three and further concludes that the remainder of the claims raised in this motion neither allege nor demonstrate a fundamental error. Accordingly, Petitioner has not established either 1) that there was no other avenue of relief available to him or 2) that the alleged errors involve facts which were not put in issue or passed upon and which rendered the trial irregular and invalid. Therefore, Petitioner is not entitled to coram nobis relief pursuant to 28 U.S.C. § 1651.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED**:

1. Petitioner's Motion to Vacate and Set Aside Judgment and to Expunge the Record pursuant to 28 U.S.C. § 1651 (Doc. No. 1) is **DENIED,** and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court is directed to file a copy of this Order in Criminal Case Number 6:99-cr-95-Orl-22KRS and to terminate the Motion to Vacate and Set Aside Judgment and to Expunge the Record pursuant to 28 U.S.C. § 1651 (Criminal Case Doc. No. 311, filed June 26, 2008) pending in that case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 22nd day of July, 2008.

     ANNE C. CONWAY
     United States District Judge

Copies to:
sc 7/22
Milton Lewis McIlwain
Counsel of Record